IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS LUVIANO-LOPEZ, | Case No. 4:23-cv-3 |
| Petitioner, | JUDGE JAMES R. KNEPP II |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| WARDEN GARZA, | |
| Respondent. | **REPORT & RECOMMENDATION** |

**I.  Introduction**

Currently before the court is the motion to dismiss filed on May 12, 2023 by respondent Warden Garza. ECF Doc. 6. Because petitioner Jose Luis Luviano-Lopez has been released from federal custody, this court no longer has subject matter jurisdiction to consider his 28 U.S.C. § 2241 habeas petition. Accordingly, I recommend that the motion to dismiss be granted and the habeas petition be dismissed.

**II.  Statement of Facts**

On December 28, 2022, Luviano-Lopez filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the BOP had failed to award him time credits under the Fair Step Act ("FSA") and that he should have already been released from custody. ECF Doc. 1. On May 12, 2023, Warden Garza filed a motion to dismiss the habeas petition for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). ECF Doc. 6. He asserts that Luviano-Lopez was released from federal custody on May 12, 2023 after receiving all the good conduct time and

credit available to him. ECF Doc. 6-1 at 1. Consequently, Warden Garza argues that the habeas petition has been rendered moot and this court lacks jurisdiction because there is no longer any live case or controversy – with no further relief available and no allegations of collateral consequences. *Id.* at 3-4. Warden Garza has provided a sworn declaration by a BOP attorney and prison records which reflect that Luviano-Lopez was released from federal custody on May 12, 2023. ECF Doc. 6-2. Luviano-Lopez has not responded to the motion to dismiss.

### III. Law & Analysis

A writ of habeas corpus may only be granted to a petitioner who is "in custody." 28 U.S.C. §§ 2241(c)(3), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that under sections "2241(c)(3) and 2254(a) [and] . . . the common-law history of the writ . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"). A district court lacks jurisdiction over a petitioner's habeas claims under 28 U.S.C. § 2241 if the petitioner is not in custody. *See Prieto v. Gluch,* 913 F.2d 1159, 1162 (6th Cir. 1990).

Because a petition for writ of habeas corpus challenges a government custodian's authority to continue detaining an individual, an individual's release from custody generally moots a habeas petition. *Lane v. Williams,* 455 U.S. 624, 632 (1982). This principle derives from the "case or controversies" requirement under Article III of the Constitution, which provides that an actual controversy must exist not only at the time the complaint or petition is filed, but through all stages of the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). Because the exercise of judicial power requires a live case or controversy, a case may become moot and fall outside the

court's jurisdictional authority, if an event occurs that makes it impossible for a court to grant any relief to the prevailing party. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). When a case becomes moot under Article III, dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is appropriate. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017); *KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 383 (6th Cir. 2014).

Here, Luviano-Lopez sought the application of FSA time credit to his sentence which he alleged would lead to his immediate release from federal prison. However, he is no longer in BOP custody. Thus, the sole issue raised in this case is now moot, and we lack subject matter jurisdiction to decide the case. *See Lane,* 455 U.S. at 632; *Prieto,* 913 F.2d at 1162; *see, e.g., Turner v. Bolar*, No. 4:23-cv-851, 2023 U.S. Dist. LEXIS 120067, at *4 (N.D. Ohio July 12, 2023) (granting a motion to dismiss a habeas petition which sought federal time credits and immediate release because the petitioner was no longer in federal custody); *Gray v. Fed. Bureau of Prisons*, No. 1:12-CV-1236, 2013 U.S. Dist. LEXIS 133849, at *4-5 (W.D. Mich. Sept. 19, 2013) (dismissing a 28 U.S.C. § 2241 habeas petition as moot because the petitioner had been released from federal custody).

V.     **Recommendation**

For the above reasons, I recommend that Warden Garza's motion to dismiss be GRANTED and Luviano-Lopez's petition for writ of habeas corpus be DISMISSED for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

Dated: August 23, 2023

Thomas M. Parker
United States Magistrate Judge

---

[1] There is no recommendation concerning a certificate of appealability because one is not required to appeal the denial of a petition filed under 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).